**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01272-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **SHARON BLAND** | : | **PLAINTIFF** |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC.,** *et al.* | : | **DEFENDANTS** |

## ORDER

Pending is Plaintiff's Motion for Reconsideration (Doc. No. 10). Pfizer has responded.[1]

On February 27, 2009, Pfizer filed an unopposed PPO 8 Motion to Dismiss, which was granted the same day.[2] Twelve days later, Plaintiff filed a motion for reconsideration, asserting that she (1) "did NOT consent to Pfizer's dismissal" and even if she did consent, "it was withdrawn, on January 26, 2009, prior to the filing of Pfizer's motion; (2) "[i]nadequate time was given to allow a response"; and (3) "Pfizer will still be liable to Plaintiff upon their purchase of the assets and liabilities of Wyeth."[3]

All three of Plaintiff's positions are without merit. First, it appears that Plaintiff consented to the dismissal,[4] and even if she did not consent, Plaintiff does not allege that she took a Pfizer drug, nor does she provide "a demonstration of evidentiary support and legal basis

---

[1] Doc. No. 13.

[2] Doc. Nos. 8, 9.

[3] Doc. No. 10.

[4] Doc. No. 13-5. Plaintiff contends that she withdrew her consent but did not provide this evidence (although she reference "attached Exhibit A," no exhibit is attached to her motion).

1

to assert claims against the defendant(s)," as required under PPO 8.[5] Second, parties typically do not file responses to unopposed motions. Third, it appears to me that while Pfizer may be in the process of acquiring Wyeth -- through Wyeth merging with Wagner Acquisitions, a wholly-owned Pfizer subsidiary -- the acquisition is not complete. Additionally, even when or if the acquisition is completed, Pfizer will not be "acquiring the assets or the liabilities of Wyeth."[6] Accordingly, this acquisition appears to have no effect on Plaintiff's claims against either Defendant.

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Reconsideration (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 7th day of April, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[5]*In re Prempro*, No. 4:03-CV-01507-WRW (E.D. Ark. Oct. 17, 2005) (Doc. No. 840).

[6]Doc. No. 13. Additionally, the proposed agreement between Pfizer, Wagner, and Wyeth provides that "all debts, liability and duties of [old Wyeth] and [Wagner] shall become the debts, liabilities and duties of [new Wyeth]." Doc. No. 13, Ex. E.